**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **COMMERCIAL CREDIT GROUP, INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. _____** |
| **MONTGOMERY CRANES, LLC AND MICHAEL MARCHANT,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

## I.    INTRODUCTION

1.   Defendant Montgomery Cranes, LLC ("Montgomery Cranes"), and Defendant Michael Marchant ("Marchant," and collectively the "Defendants"), wrongfully purchased and subsequently sold personal property of Plaintiff Commercial Credit Group Inc. ("CCG"). The property purchased and sold by Defendants consists of a 1996 Link-Belt HC248H 200-ton conventional lattice boom truck crane (Vin No. 1F9C51637TL028917) with 220 foot main and a 60 foot jib, Serial No. C5NI6-3917 ("the Crane").

## II.    THE PARTIES

2.   Plaintiff CCG is a Delaware corporation with its principal place of business and corporate headquarters located at 525 N. Tryon Street, Suite 1000, Charlotte, NC 28202. CCG provides heavy equipment and accounts receivable financing to the construction, manufacturing, transportation and waste industries.

3.   Defendant Montgomery Cranes is a Limited Liability Company formed under the laws of the State of Texas, with a principal place of business listed with the Texas Secretary of State as P.O. Box 155276, Fort Worth, Texas 76155 and a principal physical place of business at 2603 W.

Euless Boulevard, Euless, Texas 76155. Montgomery Cranes describes itself as a full service crane dealer.

4.    Upon information and belief, and upon reasonable investigation, the members of Montgomery Cranes, LLC are David R. Montgomery and Michael Marchant. Upon information and belief, and upon reasonable investigation, David R. Montgomery and Michael Marchant are both residents of and citizens of the State of Texas. Upon information and belief, and upon reasonable investigation, all members of Montgomery Cranes, LLC are residents and citizens of Texas. Accordingly, Montgomery Cranes, LLC is a citizen of Texas for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

5.    Defendant Michael Marchant, a Texas resident, is an individual residing at 2737 Newcastle Drive, Grapevine, Texas 76051.  Marchant serves as the President of Montgomery Cranes, and signed the purchase agreement with Lambrix Crane Service, Inc., as more fully described below.

### III.    <u>JURISDICTION AND VENUE</u>

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a) as the jurisdictional amount exceeds $75,000 and complete diversity exists as no Defendant shares a state of citizenship with Plaintiff CCG.

7.    This Court has personal jurisdiction over Defendants because each Defendant resides in, and is a citizen of this District and has purposely availed themselves of the privilege of transacting business related to this action in this District by operating their business within this District.

8.    Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b)(2) because a substantial part of the events giving rise to CCG's claims occurred in this District.

### IV.    <u>STATEMENT OF FACTS</u>

9.    On or about August 21, 2018, CCG and Lambrix Crane Service, Inc. ("Lambrix") entered

into a Negotiable Promissory Note and Security Agreement ("the Note"), under which Lambrix pledged several pieces of equipment as collateral, including the Crane. A true and correct copy of the Note is attached marked as **Exhibit 1**.

10. Pursuant to the Note, CCG filed a UCC Financing Statement ("the UCC Lien") with an initial filing number of 20180827020891930 on August 27, 2018. A true and correct copy of the UCC Financing Statement is attached marked as **Exhibit 2**. Additionally, the Crane's Certificate of Title lists CCG as the registered lienholder.

11. While in the process of attempting to recover the collateral under the Note, CCG discovered that Lambrix sold the Crane to Montgomery Cranes on or about June 1, 2021, for $220,000.  A true and correct copy of the purchase and sale agreement between Lambrix and Montgomery Cranes is attached marked as **Exhibit 3**.  Marchant, acting on behalf of Montgomery Cranes, purchased the Crane from and paid money for the Crane to Lambrix despite having actual or constructive knowledge of CCG's security interest in the Crane by virtue of the fact that the UCC Lien was recorded with the Secretary of State of Oklahoma, Lambrix's state of incorporation, nearly three (3) years earlier.

12. Montgomery Cranes then sold the Crane to an unidentified third party, and CCG is unaware of its current location.

13. CCG issued a demand letter to Montgomery Cranes on November 18, 2021, wherein CCG demanded that Montgomery Cranes tender the gross proceeds from the sale of the Crane, in an amount estimated to be $220,000. Montgomery Cranes has refused to respond to or otherwise comply with this demand.

14. Accordingly, CCG now seeks to recover the purchase price of the Crane from Montgomery Cranes, to which it is entitled pursuant to the Agreement and the UCC Lien.

## V. <u>CAUSES OF ACTION</u>

### A. Constructive Trust

15. The allegations contained in paragraphs 1-13 above are incorporated herein by reference.

16. CCG has been wrongfully deprived of its right to the Crane and/or from the proceeds of the sale thereof.

17. Montgomery Cranes wrongfully paid Lambrix the monies owed to CCG by virtue of its perfected Lien, and wrongfully sold the Crane to an unknown third party for an amount estimated to be $220,000.

18. CCG is entitled to a constructive trust over the proceeds of the sale of the Crane that Montgomery Cranes paid to Lambert and/or that an unknown third party paid to Montgomery Cranes.

### B. Conversion of Funds

19. The allegations contained in paragraphs 1-17 above are incorporated herein by reference.

20. CCG owned or otherwise was entitled to possession of the Crane that Montgomery Cranes, through its president Marchant, wrongfully purchased and sold.

21. Defendants unlawfully and without authorization assumed and exercised dominion or control over the Crane to the exclusion of, or inconsistent with, CCG's rights.

22. CCG has demanded return of the proceeds of the sale of the Crane, and has the right to immediate possession of said funds. To date, Defendants have refused to return the proceeds of the sale. The funds constitute specific chattel because, as they represent proceeds of the sale of CCG's personal property, such funds were to be immediately delivered to CCG.

23. Accordingly, Defendants have wrongfully exercised dominion or control over such funds and CCG has suffered injury as a result. CCG seeks the return of the converted funds plus its actual damages incurred due to the loss of said funds. In addition, CCG seeks exemplary damages from

Montgomery Cranes and Marchant because the conversion was done with malice and intent to harm.

### C.    Accounting

24. The allegations contained in paragraphs 1-22 above are incorporated herein by reference.

25. The amount of the funds received by Montgomery Cranes is unknown to CCG and cannot be ascertained unless there is an accounting of the profits resulting from the sale of the Crane.

26. Wherefore CCG prays that Montgomery Cranes be required to make an accounting of the proceeds of the sale of the Crane, that CCG have judgment against Montgomery Cranes and Marchant for the value of the crane, at least the sum of $220,000 dollars, and for such further sums as shall be found due on such accounting, and for such other and further relief to which it may be entitled either at law or in equity.

## VI.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. Plaintiff recover its actual damages;

2. Plaintiff recover its attorney's fees, costs and expenses as allowed by law; and

3. Plaintiff be awarded such other and further general relief, at law or in equity, as the ends of justice require and to which the evidence may show it justly entitled.

Respectfully submitted,

DATED: January 19, 2022          **GORDON REES SCULLY MANSUKHANI, LLP**

    */s/ Kirstie M. Simmerman*
**KIRSTIE M. SIMMERMAN,** *Lead Counsel*
Texas Bar No. 24083858
ksimmerman@grsm.com
**THEODORE C. YARBROUGH**
Texas Bar No. 24093655
tyarbrough@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201

(214) 231-4660 Telephone
(214) 461-4053 Facsimile
**ATTORNEYS FOR PLAINTIFF, COMMERCIAL
CREDIT GROUP, INC.**